COMPILER OF LAWS

IN THE SUPERIOR COURT OF GUAM

SUP. ... COURT
OF GUAM

2009 MAY 19 PM 4: 38

PEOPLE OF GUAM,                    )          CRIMINAL CASE NO. CF0050-09
                                   )
        vs.                        )
                                   )          **DECISION AND ORDER**
RAYMUNDO TORRES TEDTAOTAO,         )          **(Speedy Trial)**
                                   )
                    Defendant.     )

On May 14, 2009 People filed an Ex Parte Motion for Reconsideration of Dismissal Due to Violation of Speedy Trial Rights (hereinafter "Motion"). On May 18, 2009 the Honorable ELIZABETH BARRETT-ANDERSON heard People's Motion. The People were represented by Assistant Attorney General Stephen F. Leon Guerrero. Defendant was represented by James L. Canto II. After reading the briefs and upon hearing the arguments, the Court took the matter under advisement. The Court now issues its Decision and Order.

## FACTUAL HISTORY

A chronology of the history of this case is crucial to the Court's determination of speedy trial violation. Therefore, the following dates apply herein:

- **February 6, 2009** Defendant is indicted.

- **February 11th** Defendant is arraigned and asserted his speedy trial right.

- **February 12th** the Public Defender ("PD") filed a motion to withdraw due to a conflict in representing co-defendant, Harry Mantanona. Alternative Public Defender ("APD") was appointed that same day.

- **February 18th** APD submitted its motion to withdraw on the basis that it was also appointed to represent co-defendant, Harry Mantanona on other criminal cases. The motion was "received" by the Court, but not filed as no hearing date was scheduled.

- **February 24th** the matter was scheduled on calendar as Defendant's first Trial Setting. The Court heard and granted APD's motion to withdraw, un-opposed by the People, and appointed Attorney John Terlaje.

- **March 2nd** Atty. Terlaje submitted an ex parte motion to withdraw.

- **March 3rd** Court heard and granted Atty. Terlaje's motion and appointed Atty. Jaime Canto.

1

- **March 12**<sup>th</sup> Atty. Canto submits various motions.

- **March 13**<sup>th</sup> the Court sets the motions and officially informs Defendant that speedy trial time is tolled while motions are under consideration.

- **April 20**<sup>th</sup> the Court renders its decision and order on all motions.

While Defendant's Motion to Suppress was not filed with the Court until March 16, 2009, this Court recognized Defendant's Motion to Suppress that was received by the Court and confirmed with Defendant that his speedy trial right would be tolled until this Court issued a decision on the Motion to Suppress on March 13, 2009. Based on 8 G.C.A §1.25(a) time tolled effective March 14th. This Court issued its Decision and Order on the Motion to Suppress on April 20, 2009; tolling ended. On May 12, 2009, Defendant was arraigned on a superseding indictment, and the Court informed both the People and Defendant of its concern of a possible violation of Defendant's speedy trial right. Both parties agreed that 45 days had passed. Defendant moved to dismiss with prejudice on the grounds that his speedy trial rights had been violated, and double jeopardy had attached. Trial was scheduled to start on May 13, 2009. The Court dismissed the case against the Defendant with prejudice.

## DISCUSSION

This Court finds that the People needed to commence a trial against the Defendant on May 12, 2009. The following dates are tolled: February 11th; February 19th - February 24th; March 3rd; March 14th - April 20th. The date Defendant asserted is excluded under 8 G.C.A. §1.25(a). Any of the days the Defendant was not represented by counsel "is excludable for good cause since it was clearly to [Defendant]'s benefit to have an attorney represent him." *People v. Ibanez*, 1992 WL 97221 (D.Guam.App.Div.1992). February 11th was a concurrent and simultaneous withdrawal of PD and appointment of APD, therefore, this time is not tolled as there is no period of time within a 24 hour period that the Defendant was not represented by counsel. The Court excluded February 24th and March 3rd from the 45 day calculation on the basis that the Defendant was without counsel more than 24 hours prior to the Court's consideration of the withdrawal motions and new appointments. Finally, the 45 day limit

established by 8.G.C.A. §80.60(a)(2) is further tolled for good cause while the Motion to Suppress was pending. Time tolled from March 14th, the day after the Court acted in setting the motion for hearing, through April 20th the date the Court issued its decision and order, inclusive.

Based on the Court's 45 day calculation, the People were required to bring the Defendant to trial on May 12th. Trial was scheduled on May 13th. The Court specifically rejects the People's attempt to calculate the speedy trial clock otherwise.

This Court is not persuaded that 8 G.C.A. § 80.60(b)(1) is applicable to this criminal action. A defendant can never implicitly waive a constitutional right. "Given the fundamental nature of the right to speedy trial, only the defendant, himself, and not his counsel, may waive this right. Such a waiver must be voluntary, knowing, and intelligent." *People v. Mendiola,* 1999 Guam 8 at ¶ 31 (internal citations omitted). Failure of Defendant's counsel to object to the trial date prior to the expiration of the 45 days does not constitute a voluntary, knowing or intelligent waiver by the Defendant. To hold otherwise would allow the People to automatically have 55 days to commence criminal trials and shift the burden to all defendants to object or be deemed to have implicitly consented to the additional 10 days. The legislature is clear that criminal actions are to be dismissed if trials are not commenced within 45 days, unless a defendant has consented.

There being no further basis in "good cause" to toll the Defendant's right to a speedy trial, the Court must dismiss this matter. Based on the above, People's Motion for Reconsideration of Dismissal Due to Violation of Speedy Trial Rights is **DENIED**.

**IT IS FURTHER ORDERED** that this case be, and hereby is, **DISMISSED** with prejudice with regard to Defendant **RAYMOND T. TEDTAOTAO**.

**IT IS SO ORDERED** this 19th day of May 2009.

**HONORABLE ELIZABETH BARRETT- ANDERSON**
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the Clerk of the Superior Court of Guam

MAY 1 9 2009

Deputy Clerk, Superior Court of Guam

3